

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. O-2571
Re: It is legal for the commissioners'
court to transfer surplus money from
the Officers' Salary Fund to the General
Fund at the end of the fiscal year after
all salaries and authorized expenses in-
curred against said fund for said year
have been paid.

Your recent request for an opinion of this depart-
ment on the question as is herein stated has been received.

We quote from your letter as follows:

"Please give us a ruling on the following con-
dition.

"Since the salary law became effective in
January 1936 the general fund has been forced to
supplement the shortage in the account. This year
the salary fund has a surplus of money and I am
wondering if it is legal for the commissioners'
court to transfer money from the salary fund back
to the general fund."

Section 13 of Article 3912e, Vernon's Annotated
Texas Civil Statutes, reads in part as follows:

"The commissioners' court in counties having
a population of twenty thousand (20,000) inhabitants
or more, and less than one hundred and ninety thou-
sand (190,000) inhabitants according to the last
preceding Federal Census, is hereby authorized and
it shall be its duty to fix the salaries of all the
following named officers,...."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 4 of Article 3912e, supra, provides that:

"In all counties of this State containing a population of less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census wherein the county or precinct officers are compensated on a salary basis under the provisions of this Act, there shall be created a fund to be known as the 'Officers' Salary Fund of the _____ County, Texas.' Such fund shall be kept separate and apart from all other county funds, and shall be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this Act, and to pay the authorized expenses of their offices. Such fund shall be deposited in the county depository and shall be protected to the same extent as other county funds."

Paragraph (c) of Section 6, Article 3912e, supra, provides that:

"Sec.(c). Any monies remaining in the Officers' Salary Fund or funds of any county at the end of any fiscal year after all salaries and authorized expenses incurred against said fund for said year shall have been paid may be, by order of the commissioners' court, transferred to the credit of the General Fund of the county."

Navarro County has a population of more than twenty thousand (20,000) inhabitants and less than one hundred and ninety thousand (190,000) according to the last preceding Federal Census and the county officials of said county are compensated on an annual salary basis. Navarro County has an Officers' Salary Fund as provided by Section 4, supra.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that after all salaries and authorized expenses incurred against

the Officers' Salary Fund for said year have been paid, it is legal for the commissioners' court to transfer any monies remaining in said Fund to the General Fund of the County at the end of the fiscal year.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

APPROVED NOV 1, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Ardell Williams
Assistant

AW:AW



APPROVED
OPINION
COMMITTEE
BY *Bur*
CHAIRMAN